■ EDWARD MANSOH-FRIMPONG, Appellant, v NASIR L. KAMBO, Respondent. [633 NYS2d 198] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vinik, J.) entered August 9, 1994, which denied his motion, *inter alia,* for leave to enter a default judgment and granted the defendant's cross motion to vacate his default and to compel the plaintiff to accept his answer on the condition that, within 30 days of service of a copy of the court's order with notice of entry, the defendant pay the plaintiff's attorney costs of $150.

Ordered that the order is modified, on the facts, by deleting the provision thereof granting the defendant's cross motion; as so modified, the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

In support of his cross motion, *inter alia,* to vacate his default in answering the plaintiff's complaint, the defendant submitted an affidavit in which he merely claimed that he had never

been served with the summons and complaint. Under these circumstances in which the plaintiff submitted an affidavit of a process server attesting to personal delivery of the summons and complaint to the defendant, the Supreme Court should have conducted a hearing before concluding that the excuse proffered by the defendant was reasonable *(see, Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135). Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.